JOHN ROTH, Plaintiff-Appellee, v. JOSEPH COSTA, Defendant (The Village of Rosemont *et al.*, Defendants-Appellants).

First District (4th Division)   No. 1—92—1001

Opinion filed April 20, 1995.—Rehearing denied June 7, 1995.

Purcell & Wardrope, Chartered, of Chicago (Sandra Young and Paul Kaulas, of counsel), for appellants.

Robert A. Clifford & Associates, of Chicago (Robert A. Clifford, Kevin P. Durkin, and Robert P. Sheridan, of counsel), for appellee.

JUSTICE SHEILA O'BRIEN delivered the opinion of the court:

Plaintiff, John Roth, brought an action seeking damages against defendants, Village of Rosemont and Franklin Fried Associates, for injuries he allegedly sustained as a result of defendants' negligent failure to prevent a criminal attack from a third party, Joseph Costa.

The jury returned a verdict in favor of plaintiff. On appeal, defendants contend the trial court erred by instructing the jury that defendants owed plaintiff the highest duty of care. We reverse and remand for a new trial.

On August 3, 1983, plaintiff and some friends attended a concert at the Rosemont Horizon. Following the concert, they went to their car and attempted to exit the Horizon parking lot. Traffic became deadlocked, and plaintiff got out of the car in order to stretch his legs. While walking around the parking lot, plaintiff became involved in an argument with the driver of another car, Joseph Costa. During the course of the argument, Costa stabbed plaintiff with a knife.

Plaintiff brought suit against defendant Village of Rosemont, which owns the Horizon, and defendant Franklin Fried Associates, which manages the Horizon and its parking lot. Plaintiff alleged defendants negligently failed to prevent Costa's criminal attack against him by not hiring and training an adequate number of security guards to patrol the Horizon's parking lot. A jury trial was held on plaintiff's complaint.

During the jury instruction conference, plaintiff argued that *Comastro v. Village of Rosemont* (1984), 122 Ill. App. 3d 405, 461 N.E.2d 616, required defendants to exercise the highest degree of care toward plaintiff, their invitee, on the night of the attack. Defendants argued *Comastro* required them to exercise only ordinary, reasonable care toward plaintiff. The trial court agreed with plaintiff's interpretation of *Comastro*, and instructed the jury "[i]t was the duty of the defendants *** to exercise the highest degree of care to protect its invitees from assaults or injury from other invitees." The jury returned a verdict in favor of plaintiff, and defendants appeal.

■ Defendants argue the trial court misinterpreted *Comastro* and erred in giving the "highest degree of care" instruction. Plaintiff contends defendants are precluded from raising this argument because defendants initially agreed with the trial court's determination that *Comastro* states the applicable standard of care. However, defendants' acquiescence came before plaintiff argued *Comastro* required defendants to exercise the highest degree of care. As soon as plaintiff tendered the "highest degree of care" instruction, defendants objected and tendered an "ordinary care" instruction, thereby preserving the issue for review. See *Aguinaga v. City of Chicago* (1993), 243 Ill. App. 3d 552, 576, 611 N.E.2d 1296.

We address the merits of defendants' appeal, beginning with an analysis of *Comastro v. Village of Rosemont*. An unknown man attacked Comastro at the Rosemont Horizon on September 10, 1980. (*Comastro*, 122 Ill. App. 3d at 407.) Comastro sued the Village of

Rosemont, contending the village negligently failed to prevent the criminal attack. (*Comastro*, 122 Ill. App. 3d at 406.) The trial court granted summary judgment in favor of the village, and Comastro appealed.

■ On appeal, we noted there is generally no duty to protect another from criminal attack by third persons. (*Comastro*, 122 Ill. App. 3d at 408.) However, the village's relationship with Comastro was that of business inviter-invitee, one of four special relationships recognized as exceptions to the general rule. The four special relationships which give rise to a duty to protect another from harm are (1) carrier-passenger, (2) innkeeper-guest, (3) business inviter-invitee, and (4) voluntary custodian-protectee under certain circumstances. *Comastro*, 122 Ill. App. 3d at 408.

In determining the standard of care the village owed Comastro, we cited *Haynes v. Chicago Transit Authority* (1978), 59 Ill. App. 3d 997, 376 N.E.2d 680. In *Haynes*, we held that business inviters owe the same standard of care to invitees as carriers owe passengers in their stations and on their platforms. (*Haynes*, 59 Ill. App. 3d at 1002.) Although a carrier owes a high degree of care when actually transporting its passengers, it owes only ordinary, reasonable care to passengers in its stations and on its platforms. (*Haynes*, 59 Ill. App. 3d at 1000.) Accordingly, we held in *Comastro* "as a matter of law *** the Village owed Comastro *** reasonable care to protect him from criminal attack" (*Comastro*, 122 Ill. App. 3d at 411), and we reversed the entry of summary judgment and remanded for trial.

■ In the present case, defendants' relationship with plaintiff was that of business inviter-invitee. Pursuant to *Comastro*, defendants owed plaintiff ordinary, reasonable care to protect him from criminal attack. The trial court committed reversible error when it instructed the jury that defendants owed plaintiff the "highest degree of care." (See *Esser v. McIntyre* (1994), 267 Ill. App. 3d 611, 619, 642 N.E.2d 803 (a jury instruction erroneously defining the standard of care in a personal injury case constitutes reversible error).) Accordingly, we reverse and remand for a new trial for defendants Village of Rosemont and Franklin Fried Associates.

In light of our disposition of this case, we need not address defendants' other assignment of error.

Reversed and remanded.

HOFFMAN, P.J., and THEIS, J., concur.