(No. 57853.—
(No. 57992.—

WILLIAM J. MOORE, Special Adm'r, Appellee, v. CHICAGO AND NORTH WESTERN TRANSPORTATION COMPANY, Appellant.—JOHN DELANEY, Appellee, v. JONES & LAUGHLIN STEEL CORPORATION *et al.*, Appellants.

*Opinion filed December 1, 1983.*

James P. Daley and John P. Milroy, of Chicago, for Appellant.

Edmund J. Burke and Gary W. Bozick, of Hoffman, Burke & Bozick, of Chicago, for appellee.

James L. Pittman & Associates, Ltd., of Chicago (James L. Pittman and Mark E. Christensen, of counsel), for appellants.

Alan C. Mendelson, of Chicago, for appellee.

JUSTICE MORAN delivered the opinion of the court:

On the court's own motion these two cases were con-

solidated for opinion after oral argument. They present a single issue for review: Did the trial court abuse its discretion when it denied the defendants' motion to dismiss based upon the doctrine of *forum non conveniens*?

In each case, the defendants' motions to dismiss the action on the grounds of *forum non conveniens* were denied by the trial court. Pursuant to Supreme Court Rule 306(a)(1)(ii) (87 Ill. 2d R. 306(a)(1)(ii)), each defendant sought review of the trial court's ruling in the appellate court. In exercising its discretion under the rule, the appellate court denied the petitions. Thereafter, this court allowed defendants' petitions for leave to appeal pursuant to Rule 315 (87 Ill. 2d R. 315).

Implicit in the doctrine of *forum non conveniens* is the existence of at least two forums in which the controversy may be litigated. (*Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 371; *People ex rel. Compagnie Nationale Air France v. Giliberto* (1978), 74 Ill. 2d 90, 112, *cert. denied* (1979), 441 U.S. 932, 60 L. Ed. 2d 660, 99 S. Ct. 2052.) The inquiry therefore focuses upon the relative convenience of the available forums.

It was stated by the court in *Adkins v. Chicago, Rock Island & Pacific R.R. Co.* (1973), 54 Ill. 2d 511, 514, that "[f]orum non conveniens is a doctrine that is founded in considerations of fundamental fairness and sensible and effective judicial administration." The doctrine assumes that the court has the power to assert jurisdiction. However, under the doctrine, the court may decline to exercise jurisdiction whenever, after balancing all factors essential to the trial of a particular case, it appears that it may be more conveniently tried in another forum. *Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 364-65; *Lonergan v. Crucible Steel Co. of America* (1967), 37 Ill. 2d 599, 606; *Cotton v. Louisville & Nashville R.R. Co.* (1958), 14 Ill. 2d 144, 150; *Whitney v. Madden* (1948), 400 Ill. 185, 189, *cert. denied* (1948),

335 U.S. 828, 93 L. Ed. 382, 69 S. Ct. 55.

In *Adkins* the court discussed the factors that must be balanced by the trial court in ruling upon a motion to dismiss on the basis of *forum non conveniens*. These factors include the location of witnesses, the availability of compulsory process to secure attendance of unwilling witnesses, the ease of access to sources of proof, the possibility of a view of the site of the occurrence, the tax burden as well as the imposition of jury service upon the residents of the community, the congestion of the court dockets, and the relative convenience of the parties. (*Adkins v. Chicago, Rock Island & Pacific R.R. Co.* (1973), 54 Ill. 2d 511, 514.) (See also *Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 372-73; *Espinosa v. Norfolk & Western Ry. Co.* (1981), 86 Ill. 2d 111, 118-19; *People ex rel. Compagnie Nationale Air France v. Giliberto* (1978), 74 Ill. 2d 90, 110-11, *cert. denied* (1979), 441 U.S. 932, 60 L. Ed. 2d 660, 99 S. Ct. 2052. Accord, *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 508-09, 91 L. Ed. 1055, 1062-63, 67 S. Ct. 839, 843.) However, the plaintiff's choice of forum is accorded great weight and will not be disturbed unless the balance strongly favors the defendant. See *Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 366; *Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 372-73; *Espinosa v. Norfolk & Western Ry. Co.* (1981), 86 Ill. 2d 111, 118; *People ex rel. Compagnie Nationale Air France v. Giliberto* (1978), 74 Ill. 2d 90, 110-11, *cert. denied* (1979), 441 U.S. 932, 60 L. Ed. 2d 660, 99 S. Ct. 2052.

Broad discretion is vested in the trial court in determining whether particular facts and circumstances warrant dismissal of a case based upon *forum non conveniens*. The court's decision will be reversed on review if it can be shown that, in deciding as it did, there was an abuse of discretion. *People ex rel. Compagnie Nationale Air France v. Giliberto* (1978), 74 Ill. 2d 90, 110-

11, *cert. denied* (1979), 441 U.S. 932, 60 L. Ed. 2d 660, 99 S. Ct. 2052; *Fender v. St. Louis Southwestern Ry. Co.* (1971), 49 Ill. 2d 1, 4.

In cause No. 57853, the plaintiff, William J. Moore, special administrator of the estate of Carol A. Matijevich, brought an action in the circuit court of Cook County seeking damages against the defendant, Chicago and North Western Transportation Company. The defendant is a Delaware corporation with its principal place of business in Cook County, Illinois. It owns and operates a railroad in many areas, including Adams County, Wisconsin.

Plaintiff's decedent, Carol A. Matijevich, was killed on January 24, 1982, at a railroad crossing in Adams County, when the car she was driving collided with a train owned by defendant. At the time of her death, Mrs. Matijevich was a resident of Marquette County, Wisconsin.

The circuit court of Marquette County appointed plaintiff, father of decedent and an Illinois resident, as special administrator of her estate. Plaintiff engaged a law firm in Cook County, Illinois, and on April 8, 1982, this suit was filed in the circuit court of that county. Plaintiff charged defendant with negligence for violating various Wisconsin statutes. On October 4, 1982, an amended complaint was filed under the Wisconsin wrongful death statute and again charged defendant with violating several Wisconsin statutes.

In support of the motion to dismiss, defendant argues that all of the relevant contacts with this litigation are located in Wisconsin. It contends that Wisconsin is the situs of the occurrence, the place of residence of decedent at the time of her death and the place of the administration of her estate, the residence of decedent's surviving children, the residence of all known witnesses, and the residence of the treating paramedics and physi-

cians, and that Wisconsin law will apply. These facts are uncontroverted in the record.

Plaintiff argues that his choice of Illinois as a forum should be given paramount consideration since he is an Illinois resident. Further, Cook County is the place of defendant's business and location of all of defendant's business records.

This court has held that although a plaintiff's freedom to select a forum is significant, there are numerous cases which properly accord less deference to a plaintiff's choice of forum. See *Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 372-73; *Espinosa v. Norfolk & Western Ry. Co.* (1981), 86 Ill. 2d 111, 118, and cases cited therein.

Plaintiff was appointed by a Wisconsin court, and authorization of that court would be required in order for him to make a settlement of the cause of action. Further, plaintiff must account to the Wisconsin court for any sums received by settlement or litigation, and distribution of such sums would be under the jurisdiction of that court. (See *Chicago, Rock Island & Pacific R.R. Co. v. Igoe* (7th Cir. 1955), 220 F.2d 299, 304.) In light of the representative capacity in which plaintiff here acts, his residency has no relationship to the litigation except as a nominal party. Thus, under the facts of this case, plaintiff's choice of Cook County, Illinois, is of minimal significance.

The only factor connecting the defendant with Illinois and this litigation is that defendant's principal place of business is located in Cook County. The fact that a railroad does business in Illinois has been held not to be controlling in disposing of a motion to dismiss on the basis of *forum non conveniens* because it is "assum[ed] that both courts can obtain jurisdiction over the defendant." *Adkins v. Chicago, Rock Island & Pacific R.R. Co.* (1973), 54 Ill. 2d 511, 515. See also *Wieser v. Missouri*

*Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 372.

As noted above, the possibility of having a jury view the scene of an accident is an important consideration in ruling upon a *forum non conveniens* motion to dismiss. The accident upon which this action is based occurred at a railroad crossing in Adams County, Wisconsin, over 200 miles from Cook County, Illinois. This means that a jury in Wisconsin would be able to view the site of the accident, but that an Illinois jury could not conveniently do so. See *Adkins v. Chicago, Rock Island & Pacific R.R. Co.* (1973), 54 Ill. 2d 511, 515.

Both parties concede that Wisconsin law will apply to decide this controversy. The need to apply the law of a foreign jurisdiction has been considered a significant factor favoring dismissal of a suit on grounds of *forum non conveniens*. See, *e.g., Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366; *People ex rel. Compagnie Nationale Air France v. Giliberto* (1978), 74 Ill. 2d 90, *cert. denied* (1979), 441 U.S. 932, 60 L. Ed. 2d 660, 99 S. Ct. 2052; *Piper Aircraft Co. v. Reyno* (1981), 454 U.S. 235, 70 L. Ed. 2d 419, 102 S. Ct. 252; *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 91 L. Ed. 1055, 67 S. Ct. 839.

The location of witnesses and other sources of proof is another important factor to be weighed. Defendant states that all of the relevant witnesses reside in Wisconsin and are not subject to the subpoena power of our courts. In addition, all of the medical evidence is located in Wisconsin. Plaintiff responds that the testimony of witnesses unwilling to testify without subpoena could be introduced through depositions. However, this court has held that depositions are an inadequate substitute for live testimony. (*Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 374.) It is clear that the convenience of both plaintiff's and defendant's witnesses would be served by trial of this cause in Wisconsin.

Factors of public interest must also be taken into account. This court has previously taken notice of the congested condition of the dockets in the circuit court of Cook County. (*Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 375; *Fender v. St. Louis Southwestern Ry. Co.* (1971), 49 Ill. 2d 1, 6.) As stated in *Jones*, " '*** Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. ***' " (*Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 373, quoting *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 508-09, 91 L. Ed. 1055, 1062, 67 S. Ct. 839, 843.) We see no reason to burden the judicial system of Cook County by allowing this case to be tried in that county when it has no significant factual connections to that county.

Under the facts and circumstances of this case, as related above, we find that the trial court abused its discretion in denying defendant's motion to dismiss. Accordingly, the order of the circuit court of Cook County is reversed and the cause is remanded to that court with directions to grant the defendants' motion to dismiss.

In cause No. 57992, plaintiff, John Delaney, filed an action in the circuit court of Cook County against defendants, Jones & Laughlin Steel Corporation (Jones & Laughlin), and Youngstown Sheet and Tube Company (Youngstown). Plaintiff seeks damages against the defendants for personal injuries allegedly suffered while he was working at a steel factory which is jointly owned and operated by the defendants.

The defendants are foreign corporations. Jones & Laughlin is a Pennsylvania corporation with its principal place of business in Pittsburgh, Pennsylvania. Youngstown is an Ohio corporation with its principal place of business also in Pittsburgh, Pennsylvania. Both corpora-

tions do business in Illinois.

Plaintiff's employer, the Hunter Construction Company (Hunter), is an Indiana corporation with its principal place of business there. Hunter contracted with Jones & Laughlin for services to be performed at the defendants' factory in Lake County, Indiana. Plaintiff alleges that he was injured while working at that factory when a blast furnace adjacent to the job site exploded. Plaintiff claims that the explosion was caused by molten slag coming into contact with water in a nearby slag pit.

Vulcan Materials Company (Vulcan), is a New Jersey corporation with its principal place of business in Birmingham, Alabama. Youngstown contracted with Vulcan for the digging and hauling of slag from a slag pit on the factory premises. Vulcan's headquarters for the administration of that contract are in Cook County, Illinois. It is defendants' position that Vulcan was in control of the slag pit here in question. Vulcan, however, is not a party to this lawsuit.

In support of the motion to dismiss, defendants argue that the location of witnesses and other sources of proof demonstrate that Indiana is the most convenient forum. Defendants claim that most of the witnesses reside in Indiana and that medical evidence is also located there. Defendants further argue that Indiana is a more convenient forum because that is the situs of the accident and because the law of that jurisdiction will be applied to decide this dispute. In response, plaintiff asserts that more than 30 Hunter employees who are residents of Illinois were present at the job site when he was injured. Plaintiff also claims that more than 20 Vulcan employees who are residents of Illinois have knowledge of the scene and the safety procedures used by defendants at the slag pit and job site. Plaintiff further states that medical evidence is located in Illinois as well as Indiana. Plaintiff's treating surgeon is a resident of Illinois and one of the

two hospitals in which he was admitted is located in Illinois.

The possibility of having a jury view the scene of an accident is an important consideration. (See *Adkins v. Chicago, Rock Island & Pacific R.R. Co.* (1973), 54 Ill. 2d 511, 515.) However, in contrast to cause No. 57853, we do not consider it significant in this instance since the job site at which plaintiff was injured is only 25 miles from the proposed site of trial. Because the distance is not so great, an Illinois jury would be able to view the scene, if necessary. In addition, although the need to apply the law of a foreign jurisdiction weighs in favor of defendant, we do not feel that this factor in this case is sufficient to justify dismissal of the cause on the basis of *forum non conveniens.*

As previously noted, all factors essential to the trial of a particular case must be balanced in determining whether to dismiss an action on *forum non conveniens* grounds. Our only concern on review is whether the trial court's decision constituted an abuse of discretion and not whether the reviewing court would have resolved the issue as did the trial court. (See *Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 378.) We recognize that the facts and circumstances of this cause present a different case for deciding a *forum non conveniens* motion than those in cause No. 57853. After balancing all of the relevant factors concerning this litigation and the chosen forum, we conclude that the trial court did not abuse its discretion when it denied defendants' motion to dismiss. Accordingly, the judgment of the circuit court of Cook County is affirmed.

> *57853 — Reversed and remanded,*
> *with directions.*
> *57992 — Judgment affirmed.*