2025 IL App (1st) 240255-U

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

FIRST DIVISION
February 3, 2025

No. 1-24-0255

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

_____

| | | |
|---|---|---|
| THOMAS A. WICKHAM, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | Appeal from the |
| | ) | Circuit Court of |
| v. | ) | Cook County |
| | ) | |
| CARMICHAEL LEASING COMPANY, INC., JAMES | ) | No. 20 L 9368 |
| KITTLER, WILLIAM J. LOUTOS, LOUTOS MOTOR | ) | |
| SERVICE, INC., and UNKNOWN DRIVERS, | ) | The Honorable |
| | ) | Gerald V. Cleary, |
| Defendants | ) | Judge Presiding. |
| | ) | |
| (Carmichael Leasing Company, Inc., and James Kittler, | ) | |
| Defendants-Appellees). | ) | |

_____

PRESIDING JUSTICE FITZGERALD SMITH delivered the judgment of the court.
Justices Lavin and Cobbs concurred in the judgment.

**ORDER**

¶ 1     Held:  The trial court did not err in denying plaintiff's motion to amend its case management order after finding plaintiff made minimal efforts to obtain discovery during 23 months that fact discovery was open. The trial court properly struck a police report submitted by plaintiff in opposition to summary judgment and thereafter properly granted summary judgment in favor of defendant, where plaintiff had no admissible evidence connecting defendant to hit-and-run collision.

¶ 2     This appeal arises from an action by plaintiff Thomas A. Wickam for injuries he suffered in

a hit-and-run collision while riding a bicycle. The trial court granted summary judgment in favor of defendant Carmichael Leasing Company, Inc. (Carmichael Leasing), on the grounds that the plaintiff had presented no admissible evidence showing a genuine issue of material fact that Carmichael Leasing had any ownership or control of the truck involved in the plaintiff's collision or that any of its agents or employees were operating the truck at that time. Prior to doing so, the trial court denied the plaintiff's request to amend its case management order after finding that plaintiff's counsel had made minimal efforts to obtain discovery during the 23 months that fact discovery was open. The trial court also struck a police report from the summary judgment record and refused to consider it after ruling that it was not evidence that would be admissible at trial. The plaintiff appeals these rulings of the trial court, along with its denial of a motion to reconsider. For the reasons that follow, we affirm the judgment of the trial court.

¶ 3                                                    BACKGROUND

¶ 4         On September 18, 2019, at about 5:15 p.m., the plaintiff was riding a bicycle near the intersection of West Cermak Road and South Racine Avenue in Chicago when he was struck by a vehicle that left the scene. Neither the plaintiff nor the only eyewitness to the collision was able to identify the vehicle that struck him.

¶ 5         The plaintiff testified at deposition that he did not see the vehicle until it was a foot away from him, but he identified it as a truck with a white cab with no trailer attached. Gregory Mendoza witnessed the collision. He later also testified at deposition that the vehicle that struck the plaintiff was a white truck that was not pulling a trailer. Mendoza testified that he did not notice any markings or signs on the truck that would identify its owner or any business with which it was affiliated. He saw nothing about it that distinguished it from any other white truck. Mendoza testified that he attempted to trail the truck in his vehicle for a short time, but he was never able to

obtain its license plate number, its Illinois Department of Transportation (IDOT) number, or any other identifying number on the truck.

¶ 6    On September 1, 2020, the plaintiff filed his initial complaint in this case. The defendant that he named was Carmichael Leasing, a company in the business of leasing, repairing, and maintaining semi-trucks that is located at 2200 South Loomis Street, which is a few blocks west of the site where the collision occurred. The initial complaint alleged that Carmichael Leasing owned, possessed, or controlled the truck that struck the plaintiff and that it was being driven at that time by one of Carmichael Leasing's employees or agents whose identity was unknown to the plaintiff. The complaint contained claims for negligence, negligent entrustment, negligent hiring and retention, and agency. On November 18, 2020, Carmichael Leasing filed its answer to the initial complaint denying all material allegations.

¶ 7    After the case was filed, it does not appear from the record that the plaintiff ever noticed depositions of anyone from Carmichael Leasing to investigate whether it had any relationship to the truck that struck the plaintiff or whether any of its employees or agents were driving the truck at the time. The record indicates that Carmichel Leasing at all times denied that it or any of its employees or agents had any involvement with the truck involved in the plaintiff's collision

¶ 8    While the record on appeal is unclear as to the timeframe in which this was obtained,[1] at some point the parties obtained the investigative report by the Chicago Police Department (CPD) concerning the plaintiff's collision and CPD's efforts to identify the responsible driver. The report was prepared by CPD detective Ivan Romo. In pertinent summary, the investigative report states

---

[1] We note the record tends to suggest that the CPD investigate report was most likely obtained prior to November 23, 2021. An order from that date reflects that Carmicheal Leasing was withdrawing a petition for rule to show cause that it had filed against CPD on November 12, 2021, for failing to respond to a subpoena seeking its investigative file concerning the collision at issue.

that seven days after the collision, Detective Romo spoke by telephone with Mendoza (as well as two other witnesses who did not see the collision occur), who told him that the plaintiff had been hit by a ten-wheel semi-truck without a rear trailer. Detective Romo wrote that he then reviewed police observation camera footage for the area in that timeframe and observed a ten-wheel semi-truck without a rear trailer driving westbound on 21st Street and then southbound on Loomis Street; the motor carrier number of 390974 was visible on the truck's driver's side, and "the truck number is 91." Detective Romo wrote that a search of that motor carrier number was returned as belonging to Loutos Motor Service.

¶ 9      Detective Romo wrote that six days after that, he went to Loutos Motor Service and eventually spoke to John Loutos, who agreed to look into who was driving truck number 91 on the day of the plaintiff's collision. John Loutos called him back a few days later and informed him that the truck had been at "Carmichael Truck Repair" at 2200 South Loomis for repairs on the day of the plaintiff's collision.

¶ 10      Detective Romo wrote that two days later, he went to Carmichael Truck Repair. There he spoke to Maximillian Bechina, who identified himself as its executive vice president and informed him that James Kittler had been driving truck number 91 on the date at issue. Detective Romo wrote that he spoke to Kittler a moment later. Kitter stated to him that he only works until 4:30 p.m., that this would be shown by his time card, that he was not in the area of 21st Street and Loomis at approximately 5:15 p.m. that day, and that he did not know who would have been driving truck number 91 at that time. Five weeks later, on November 16, 2019, Detective Romo wrote that the investigation was suspended pending any other investigative leads.

¶ 11      On July 29, 2022, after the CPD's investigative report was received, the plaintiff filed a motion seeking leave to file a first amended complaint. The motion was allowed, and a first

amended complaint was filed adding three new defendants: Kittler, William J. Loutos,[2] and Loutos Motor Service, Inc. In summary, the first amended complaint alleged that Kittler was an employee or agent of Carmichael Leasing and that Kittler had been the driver or operator of the truck at issue at the time of its collision with the plaintiff. Defendants William J. Lotus and Lotus Motor Service were both alleged to be owners of the truck at issue, and it was alleged that they had entrusted the truck to Carmichael Leasing for repairs as of the date of the collision.

¶ 12        On August 2, 2022, the trial court entered an amended case management order that set the following deadlines: October 3, 2022, for completion of fact and lay witness depositions; January 31, 2023, for completion of depositions of independent expert witnesses and treating physicians; February 28, 2023, for the filing of any dispositive motions; April 14, 2023, for the disclosure of controlled expert witnesses; June 30, 2023, for the completion of depositions of controlled expert witnesses; and July 3, 2023, for case management for trial certification.

¶ 13        On November 9, 2022, an answer to the first amended complaint was filed by defendants Carmichael Leasing and Kittler. It specifically denied that Kittler or any employee of Carmichael Leasing was involved in the collision at issue with the plaintiff or that semi-truck "ninety-one MCC 390974," owned by the Loutos defendants, was involved in the collision with the plaintiff.

¶ 14        On January 5, 2023, the trial court granted a motion dismissing the counts against William J. Loutos and Loutos Motor Service with prejudice on the basis that they had not been named as defendants prior to the expiration of the statute of limitation. That ruling is not at issue on appeal.

¶ 15        On February 28, 2023, two motions were filed pertinent to this appeal. First, a motion for summary judgment was filed by defendants Carmichael Leasing and Kittler. Second, a motion to

---

[2] It appears that William J. Loutos and John Loutos refer to the same individual, although this is not made expressly clear in the record.

dismiss was filed by defendant Kittler on the basis that he had not been named as a defendant within the two-year statute of limitations; the trial court later ordered *sua sponte* that this motion to dismiss was converted to a motion for summary judgment.

¶ 16      The basis of the motion for summary judgment by defendants Carmichael Leasing and Kittler was that the plaintiff had no admissible evidence to support the allegations of his first amended complaint that Carmichael Leasing owned, operated, or maintained the white truck involved in his collision or that Kittler or any other employee or agent of Carmichael Leasing was driving the truck involved in the collision. Carmicheal Leasing and Kittler cited their answers and discovery responses denying that the truck that hit the plaintiff was one for which they were responsible. They also attached discovery depositions of the plaintiff, Mendoza, witness Jason Weedon, and CPD investigating police officer Michael Perez to show that no witness had given testimony tying Carmichael Leasing or Kittler to the truck that hit the plaintiff. Additionally, they pointed out that their motion for summary judgment was filed in compliance with the deadline set in the amended case management order of August 2, 2022. They cited the requirement of that order that all fact and lay witness depositions be completed by October 3, 2022, and they stated that the plaintiff had never noticed the depositions of Kittler or any person affiliated with Carmichael Leasing at any time in the case.

¶ 17      On March 20, 2023, the plaintiff filed an emergency motion to amend the case management order by extending the deadlines to depose the necessary parties to enable him to respond to the motion for summary judgment. In that motion, the plaintiff stated that he had propounded written discovery upon Kittler that had not been answered and that he had requested that defendant Carmichael Leasing "reanswer" its previous discovery in light of the CPD investigation report. He stated that he had noticed the depositions of both Kittler and Bechina of Carmichael Leasing for

April 20, 2023, and that he had noticed the deposition of John Loutos for April 21, 2023. He stated that the deposition of Detective Romo had previously been noticed, but it did not proceed and had been re-noticed for April 25, 2023. The plaintiff stated that he had also noticed the depositions of CPD officers Manual Solis and David Quinn for April 25, 2023. Plaintiff's counsel stated that he had contacted the defendant to discuss settlement "to avoid taking the above depositions." He stated that the defendant had made a settlement offer but that the plaintiff "would not be able to provide a settlement demand" until liens were worked out. The emergency motion was supported by affidavit of plaintiff's counsel.

¶ 18       On March 24, 2023, the trial court entered an order denying the plaintiff's emergency motion to amend the case management schedule. Also in that order, the trial court denied an oral motion by the plaintiff to voluntarily nonsuit the case, due to the pendency of two dispositive motions. The trial court also set a briefing schedule on both motions. No transcript of the court proceedings from this date is in the record on appeal.

¶ 19       On April 21, 2023, the plaintiff filed his response to the motion for summary judgment by defendants Carmichael Leasing and Kittler. He attached the CPD's investigation report as an exhibit to his response. His primary argument was that the CDP investigation report was competent evidence showing a genuine issue of material fact as to whether Carmichael Leasing was in control of the truck at the time of the plaintiff's collision and whether Kittler or some other employee of Carmichael Leasing was driving it at that time.

¶ 20       In reply, Carmichael Leasing and Kittler argued that the CPD investigation report was inadmissible evidence and that the plaintiff's arguments based upon it should be stricken. It argued that the statements that were written in it by Detective Romo summarizing the conversations that he had with others were hearsay.

¶ 21    On May 5, 2023, the trial court entered two orders. First, it allowed the plaintiff to voluntarily dismiss defendant Kittler from the case and thereafter denied Kittler's motion to dismiss based upon on the statute of limitations as moot. Second, it granted the motion for summary judgment in favor of Carmichael Leasing. In doing so, it ruled that the CPD investigation report attached as an exhibit to the plaintiff's response brief was stricken from consideration. The trial court found that the investigation report was inadmissible hearsay and that the plaintiff failed to establish any foundation for the admissibility of the statements in it that he relied upon. The court noted that the plaintiff had failed to seek depositions of Kittler or anyone from Carmichael Leasing or Loutos Motor Service to obtain evidence concerning the statements contained in the police report that would be admissible in court. The trial court also noted that the plaintiff did not take depositions of the police officers involved in the creation of the report.

¶ 22    The trial court found that, once the CPD investigation report was stricken, the plaintiff had failed to submit any admissible evidence to show a genuine issue of material fact that the truck involved in the plaintiff's collision was owned by Loutos, that it was being serviced by Carmichael Leasing at the time of the collision, or that any employee or agent of Carmichael Leasing was driving it at the time of the plaintiff's collision. For this reason, the trial court found that Carmichael Leasing was entitled to judgment as a matter of law.

¶ 23    On June 5, 2023, the plaintiff filed a motion to vacate the order granting summary judgment in favor of Carmichael Leasing. Primarily, he argued that he should have been given more time to take the depositions of the key individuals involved, especially Detective Romo. He stated that it had been defendants' counsel that canceled Detective Romo's deposition because the parties were engaged in settlement negotiations at the time, and he argued that it was unfair for a defendant to engage in this form of "sandbagging." The plaintiff also argued that the CPD investigation report

could be admissible to establish past recollection recorded during Detective Romo's testimony at trial or for purposes of impeachment or as admissions against interest during the trial testimony of Kittler, John Loutos, or Bechina. Two affidavits of plaintiff Thomas Wickham were also attached to this motion pursuant to Illinois Supreme Court Rule 191 (eff. Jan. 4, 2013).

¶ 24    The motion to vacate was briefed. On January 3, 2024, the trial court denied the motion after it reviewed its previous rulings and confirmed that it had not erred in its application of law to the facts of the case. In doing so, the trial court reiterated that the plaintiff had 23 months to obtain the depositions of the key witnesses from the time the parties were at issue until the deadline in the amended case management order, but the plaintiff had "only attempted to obtain these depositions after the defendant timely filed its motion for summary judgment." The trial court stated that it found that the plaintiff had failed to establish good cause for the extension of time to conduct further discovery either in the emergency motion to amend the case management order or at the hearing of March 24, 2023. The plaintiff thereafter filed a timely notice of appeal.

¶ 25                                    ANALYSIS

¶ 26    The plaintiff's first argument on appeal is that the trial court erred by denying his emergency motion to amend the case management order. He contends that he established by this motion that additional discovery remained to be completed in the case, which he needed to respond to the pending motion for summary judgment and the motion to dismiss. He faults the defendants for extending a settlement offer around the same timeframe that they filed these dispositive motions, which the plaintiff could not finalize due to the need to address liens on the file. The plaintiff asserts that this led to defense counsel canceling the deposition of Detective Romo, thereby denying the plaintiff the deposition testimony he needed to respond to the motions. The plaintiff contends that he could have completed the discovery he was seeking within a short time, and he

points out that no trial date was set. The plaintiff cites the fact that he sustained severe injuries from this incident, necessitating multiple surgeries. He contends that denying him the opportunity to depose key witnesses "is a harsh penalty that should be reserved for extreme abuses of prosecuting the case, which was not the case here." He argues that a court's desire to clear its docket should not deny litigants a fair opportunity to have their day in court.

¶ 27    Generally, a trial court is vested with wide discretion on decisions concerning compliance with or extensions of deadlines set in case management orders. See *Hutchcraft v. Independent Mechanical Industries, Inc.*, 312 Ill. App. 3d 351, 354 (2000); accord *Johnson v. Ingalls Memorial Hospital*, 402 Ill. App. 3d 830, 847 (2010) (decisions concerning case management are reviewed for abuse of discretion). The diligence previously exercised by the party requesting an extension of time is often a critical factor in evaluating whether a trial court abused its discretion in denying a request for extension. See *O'Neill v. Brown*, 242 Ill. App. 3d 334, 343 (1993).

¶ 28    Here, the record demonstrates a complete lack of diligence on the part of plaintiff's counsel in seeking to obtain any discovery prior to filing the emergency motion to amend the case management order. As the trial court noted, 23 months lapsed between the time that the plaintiff and Carmichael Leasing were at issue on the pleadings and the deadline for the completion of fact witness depositions set by the revised case management order of August 2, 2022. During this time, it does not appear from the record that plaintiff's counsel attempted to take any depositions to investigate and obtain admissible evidence as to whether Carmichael Leasing or its employees or agents had any connection to the truck involved in the plaintiff's collision. Plaintiff's counsel does not dispute the defendants' assertion that he never noticed depositions of any person from Carmichael Leasing or Loutos Motor Services, Kittler, Detective Romo, or any other police officer involved in preparing the CPD investigation report. Instead, it appears that the only depositions

taken in this case were those noticed by the defendants. It was not until the plaintiff filed his emergency motion to amend the case management order, which was three weeks after the defendants filed their motion for summary judgment in accordance with the deadline set by the amended case management order, that there is any indication that plaintiff's counsel intended to notice the depositions of any witnesses. Plaintiff's counsel's lack of diligence in advancing discovery is further shown by the fact that the plaintiff neither answered written discovery nor appeared for deposition without the trial court granting motions to compel filed by the defendants as to both of these issues.

¶ 29 The trial court's comments in its order denying the motion to vacate show that it found plaintiff's counsel's lack of diligence in seeking any discovery during the 23 months he had to do so warranted denial of the emergency motion to amend the case management order. The trial court's determination in this regard is supported by the record, and we find that its denial of the plaintiff's emergency motion to amend the case management order was not an abuse of discretion.

¶ 30 The plaintiff's second argument on appeal is that the trial court erred in granting the motion for summary judgment in favor of Carmichael Leasing after ruling that the CPD investigation report was inadmissible evidence of control or operation of the truck by Carmichael Leasing or one of its employees or agents. The plaintiff argues that the CPD investigation report could be admissible under a hearsay exception for past recollection recorded, as impeachment evidence, or as admissions against interest.

¶ 31 We undertake *de novo* review of a trial court's granting of a motion for summary judgment. *Lewis v. Lead Industries Ass'n*, 2020 IL 124107, ¶ 15. A motion for summary judgment is properly granted when the pleadings, depositions, admissions, and affidavits on file, viewed in the light most favorable to the nonmoving party, show that there is no genuine issue as to any material fact

and that the moving party is entitled to judgment as a matter of law. See 735 ILCS 5/2-1005(c) (West 2022). If the party moving for summary judgment supplies facts that, if left uncontradicted, would warrant judgment in its favor as a matter of law, the nonmoving party cannot rely on its pleadings alone to show that a genuine issue of material fact exists. *Abrams v. City of Chicago*, 211 Ill. 2d 251, 257 (2004). Although the court at the summary judgment stage does not try the issues, evidence that would be inadmissible at trial may not be considered in support of or in opposition to a motion for summary judgment. *Safeway Insurance Co. v. Hister*, 304 Ill. App. 3d 687, 691 (1999). Accordingly, the trial court must consider and decide whether materials that purport to show a genuine issue of material fact would be admissible evidentiary matter at a trial on the merits. *Id.*

¶ 32        The plaintiff here acknowledges the general rule that police reports are inadmissible on the grounds that they are the hearsay product of secondhand knowledge that the reporting officer obtained from various sources during the course of an investigation. See *Kociscak v. Kelly*, 2011 IL App (1st) 102811, ¶ 25. Hearsay is a statement, other than one made by the declarant while testifying at trial, offered in evidence to prove the truth of the matter asserted. Ill. R. Evid. 801(c) (eff. Oct. 15, 2015). Hearsay is not admissible unless it comes within certain recognized exceptions. See Ill. R. Evid. 802 (eff. Jan. 1, 2011). The "recorded recollection" exception to the hearsay rule allows for the introduction into evidence of "[a] memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable the witness to testify fully and accurately, shown to have been made or adopted by the witness when the matter was fresh in the witness' memory and to reflect that knowledge correctly." Ill. R. Evid. 803(5) (eff. Jan. 25, 2023). A police report may be admissible under this exception for recorded recollection as long as a proper foundation is laid by the proponent of the evidence.

*Kociscak*, 2011 IL App (1st) 102811, ¶ 25. Further, where the evidence that the proponent seeks to admit is a third party's out-of-court statement as contained within a police report, this is double-hearsay and requires that both levels fall within exceptions to the hearsay rule for such statement to be admitted as substantive evidence. *Horace Mann Insurance Co. v. Brown*, 236 Ill. App. 3d 456, 461 (1992).

¶ 33        The plaintiff argues that the CPD investigation report could be admissible under the hearsay exception for prior recorded recollections. Without citation to any evidence in the record, he suggests that Detective Romo would be a witness whom he would call at trial, that Detective Romo would testify at that time that he does not remember all salient fact of this matter, including the contents of his investigation report, and that the report could therefore be admitted as a recorded recollection.

¶ 34        We reject this argument by the plaintiff. Principally, the plaintiff cannot overcome a properly supported motion for summary judgment merely by speculating about whether the CPD investigation report would be admissible evidence depending on how Detective Romo might testify at trial. See *Valfer v. Evanston Northwestern Healthcare*, 2016 IL 119220, ¶ 20 ("unsupported conclusions, opinions, or speculation are insufficient to raise a genuine issue of material fact"). Instead, the plaintiff was required at this stage to show by deposition testimony, an affidavit that complied with Illinois Supreme Court Rule 191 (eff. Jan. 4, 2013), or other material of an evidentiary nature that all foundational requirements could be satisfied to admit the CPD investigation report into evidence under this hearsay exception. Importantly, admitting the CPD investigation report under this hearsay exception would generally require the plaintiff first to establish that Detective Romo has no independent recollection of the event or occurrence recorded and that the report itself fails to refresh his recollection. See *Horace Mann Insurance Co.*, 236 Ill.

App. 3d at 462-63 (citing *Loughnane v. City of Chicago*, 188 Ill. App. 3d 1078, 1082 (1989)). The summary judgment record contains no evidence on either of these points. Even if it did, however, the plaintiff would have to go on to establish that the facts in the report were recorded at the time of the occurrence or soon thereafter and that the report is both truthful and accurate. *Id.* The summary judgment record contains no evidence on these points either. Additionally, the problem with double hearsay would still remain, as it is the witness statements contained with the report written by Detective Romo that the plaintiff is seeking to admit for their truth. *Id.* at 461.

¶ 35    The plaintiff argues that the witness statements contained within the CPD investigation report could be allowed into evidence as impeachment or as admissions or statements against interest if the witnesses denied making them at trial. First, assuming for argument's sake that these statements could be used for purposes of impeachment, this would not render them substantive evidence that could be considered for their truth; they could be used only for their tendency to undermine the credibility of the witness. *People v. Lewis*, 2017 IL App (4th) 150124, ¶ 35. As nonsubstantive evidence, they cannot be used on summary judgment to show the existence of a genuine issue of material fact.

¶ 36    Second, the admission of these statements into evidence under the hearsay exception for statements or admissions against interest would require, *inter alia*, a showing that "the declarant is unavailable as a witness." Ill. R. Evid. 804(b)(3) (eff. Jan. 1, 2011); see *Burton v. Drake's Mayors Row Restaurant, Inc.*, 53 Ill. App. 3d 348, 350 (1977). The burden of showing the unavailability of the declarant is with the party seeking to introduce the statement as evidence. See *Benson v. Bradford Mutual Fire Insurance Corp.*, 121 Ill. App. 3d 500, 510 (1984). Again, the summary judgment record contains no evidence showing that Kittler, John Loutos, or any other witness who spoke to Detective Romo during his investigation is "unavailable as a witness" under

the meaning of Illinois Rule of Evidence 804 (eff. Jan. 1, 2011) so as to allow the admission into evidence of his statement under this exception to the hearsay rule.

¶ 37    Because the plaintiff has failed to show that the CPD investigation report is admissible evidence under any exception to the hearsay rule, it cannot serve as the evidentiary basis for demonstrating the existence of a genuine issue of material fact. As such, the trial court appropriately struck it from consideration. The plaintiff cites no other admissible evidence purporting to demonstrate that any genuine issue of material fact exists that the truck involved in this collision was in the control or operation of Carmichael Leasing or any of its employees or agents at the time of the plaintiff's collision. For this reason, Carmichael Leasing was entitled to judgment as a matter of law, and the trial court properly granted summary judgment in its favor.

¶ 38    The plaintiff's final argument on appeal is that the trial court erred in denying his motion to vacate the order granting summary judgment in favor of Carmichael Leasing. He argues that the trial court should have reconsidered and allowed the additional discovery to proceed after amending the case management order. The plaintiff also argues that the trial court erred by not considering the affidavit of the plaintiff submitted under Illinois Supreme Court Rule 191(b) (eff. Jan. 4, 2013). He similarly argues that the trial court erred by not considering a picture of the truck captured by the surveillance video or reviewing the video itself.

¶ 39    The purpose of a motion seeking reconsideration of a trial court ruling is to bring to the court's attention newly discovered evidence that was not available at the time of the original hearing, changes in existing law, or errors in the court's application of the law. *Evanston Insurance Co. v. Riseborough*, 2014 IL 114271, ¶ 36. It is not the time to raise a new legal theory or to present new factual arguments. *Jones v. Live Nation Entertainment, Inc.*, 2016 IL App (1st) 152923, ¶ 29. "Trial courts should not permit litigants to stand mute, lose a motion, and then frantically gather

evidentiary material to show that the trial court erred in its ruling." *Gardner v. Navistar International Transportation Corp.*, 213 Ill. App. 3d 242, 248 (1991). As a result, legal theories and factual arguments not previously made are waived. *Jones*, 2016 IL App (1st) 152923, ¶ 29. The allowance of new matter on a motion to reconsider is subject to the trial court's discretion and should not be permitted without a reasonable explanation of why it was not made available at the time of the original hearing. *Id.* A ruling on a motion to reconsider summary judgment is within the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion. *Robidoux v. Oliphant*, 201 Ill. 2d 324, 347 (2002).

¶ 40     We hold that the trial court did not abuse its discretion in denying the plaintiff's motion to vacate its prior order. The motion did not satisfy any of the requirements set forth above of showing new facts or evidence not available previously, changes in the law, or errors in the trial court's application of the law to the case. The plaintiff's arguments concerning the amendment of the case management order to allow more time for taking depositions is no different than the argument that we have addressed and rejected above. As for the plaintiff's argument that the trial court erred by not considering his Rule 191(b) affidavit, the picture of the truck captured from video footage, or the surveillance video itself, it was within the discretion of the trial court to consider these previously unsubmitted materials on a motion for reconsideration. The record suggests that they pertained exclusively to facts that were available to the plaintiff at the time his response to the motion for summary judgment was filed, and there is no explanation for why the plaintiff did not submit them at that time. For this reason, any refusal by the trial court to consider them was not an abuse of discretion.

¶ 41     Even if these materials had been considered, however, they still fall far short of raising a genuine issue of material fact as to Carmichael Leasing's operation or control of the truck at issue

at the time of the plaintiff's collision. The plaintiff actually submitted two Rule 191(b) affidavits, both signed by plaintiff Thomas Wickam. One of these consists almost entirely of statements about Detective Romo's state of mind and recollection of his investigation. These are not matters about which the plaintiff could testify, and as such they are not proper for inclusion in an affidavit. See Ill. S. Ct. R. 191(a) (eff. Jan. 4, 2013) (requiring *inter alia* that affidavits on summary judgment "shall be made on the personal knowledge of the affiants" and "affirmatively show that the affiant, if sworn as a witness, can testify competently thereto"). The second Rule 191(b) affidavit is merely a recitation of the procedural history of the case and a statement of the individuals whom he still wished to depose. As for the picture of a truck captured from video footage, nothing about this isolated picture connects ownership or control of the truck shown to Carmichael Leasing or to the plaintiff's collision. Finally, while the plaintiff suggests in his appellate brief that additional surveillance video footage (beyond the still picture of the truck) was submitted to the trial court, it is not clear from the record that any such video footage was submitted. In any event, no video footage has been included in the record on appeal for review by this court. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984) (burden is on appellant to present a sufficiently complete record on appeal to support a claim of error). We are thus unable to review any argument by the plaintiff that the video footage raises a genuine issue of material fact.

¶ 42                                    CONCLUSION

¶ 43        For the foregoing reasons, the judgment of the trial court is affirmed.

¶ 44        Affirmed.